# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DESHON BURLESON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:20-cv-487 |
| ) | Judge Marvin E. Aspen |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge:

Petitioner Deshon Burleson pled guilty to four criminal counts. *United States v Burleson*, 3:15-cr-65-1 (Plea Agreement (Dkt. No. 100). Those counts were for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) (Count I), Attempted Hobbs Act Robbery and Attempted Hobbs Act Extortion in violation of 18 U.S.C. § 1951 (Count II and IV), and Use, Carry, and Brandish of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1) (Count III).[1] On March 26, 2019, Burleson was sentenced to 8 months on Counts I, II, and IV, and 84 months as to Count III, consecutive to counts I, II and IV. (Judgment (Dkt. No. 136).) Before us is Burleson's motion to vacate, set aside, or correct his sentence as to Count III under 28 U.S.C. § 2255 in the wake of *United States v. Davis*, 139 S. Ct. 2319 (2019). For the foregoing reasons, Burleson's petition is denied.

---

[1] Count V of the Second Superseding Indictment was dismissed as part of the plea agreement. Count V charged that Burleson did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, attempted Hobbs Act robbery and extortion in violation of 18 U.S.C. § 924(c)(1).

## BACKGROUND

Burleson regularly dealt crack cocaine in Nashville, Tennessee. (PSR ¶ 3.) One evening, he fell asleep on a couch at residence where other people hung out and sold drugs. (*Id.*) When he fell asleep, he had a quantity of crack cocaine with him for distribution. (*Id.* ¶ 4.) When he awoke, he realized that he was missing crack cocaine. (*Id.*) He suspected multiple people of stealing it. (*Id.*) He confronted them and told them that he was not going to let anyone leave until his crack cocaine was returned, threatened bodily harm to regain possession of it, and said he was going to go get a firearm. (*Id.*) Burleson returned with a firearm. (*Id.* ¶ 5.) He displayed it and threatened to shoot people if his crack cocaine was not returned. (*Id.*)

Thereafter, the police received reports that Burleson was armed with two firearms and was on the back porch of a different residence and wanted to harm an individual named Watson. (*Id.* ¶ 6.) Burleson suspected that Watson took his crack cocaine. (*Id.* ¶¶ 3—6.) When Burleson saw police officers, he fled and ignored their commands to stop. (*Id.* ¶ 7.) He entered a residence even though the resident ("SP") refused his entry. (*Id.*) An officer observed the grip of a firearm in Burleson's waistband as he entered SP's residence. (*Id.*) Then another officer apprehended Burleson while he fled SP's residence's front door. (*Id.*) SP consented to a search of the residence and officers found two firearms between the cushions of the living room sofa. (*Id.* ¶ 8.) Burleson later admitted to possessing the firearms and that he was previously convicted felon. (*Id.*)

Burleson eventually returned at nighttime to the residence where he had originally lost his crack cocaine. (*Id.* ¶ 10.) Burleson threatened to shoot the person there unless she ("AC") returned his crack cocaine or pay him $300 for it. (*Id.*) During this incident, AC called the police officers, and Burleson fled. (*Id.*)

2

On April 29, 2015, Burleson was indicted on a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 17, 2016, he was charged in a Second Superseding Indictment with five total counts. Rather than go to trial, Burleson pled guilty to Counts One through Four on August 23, 2016, pursuant to a sealed plea agreement. On March 26, 2019, he was sentenced to 8 months on Counts I, II, and IV, and 84 months on Count III, consecutive to Counts I, II, and IV, pursuant to his plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(C). Burleson did not file a direct appeal, so his conviction became final 14 days after the entry of judgment, on April 9, 2019. *See* Fed. R. App. P. 4(b)(1)(A). Additionally, his plea agreement contained a post-conviction waiver wherein he knowingly and voluntarily waived the right to challenge the "sentence" imposed in any collateral attack, "including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255." *United States v Burleson*, 3:15-cr-65-1 (Plea Agreement (Dkt. No. 100) ¶ 28.)

## ANALYSIS

Burleson argues that his § 924(c) conviction in case number 2:15-cr-65-1 should be vacated because it was based on a "crime of violence" that *Davis* voided for vagueness. *See Davis*, 139 S. Ct. 2319 (holding a portion of § 924 void for vagueness). The government argues that Burleson's motion should be denied on three independent grounds. First, that attempted Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Second, Burleson's plea agreement contained a post-conviction waiver that voluntarily waived "the right to challenge the sentence imposed in . . . any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255." *United States v Burleson*, 3:15-cr-65-1 (Plea Agreement (Dkt. No. 100) ¶ 28.) Third, Burleson's *Davis* claim is procedurally defaulted. We address these arguments in turn.

3

Case 3:20-cv-00487   Document 19   Filed 11/27/20   Page 3 of 13 PageID #: 191

### 1. 18 U.S.C. § 924(c) and *United States v. Davis*, 139 S. Ct. 2319 (2019)

We begin by addressing the merits of Burleson's conviction following *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) authorized heightened[2] criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," a federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1). The statute defines the term "crime of violence" in two ways: the elements clause and the residual clause. The elements clause defines a "crime of violence" as "an offense that is a felony" and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3). The residual clause defines a "crime of violence" as one "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). *Davis* declared the residual clause's definition a "nullity" and voided it for vagueness. *Davis*, 139 S. Ct. at 2323—24. *Davis* did not void the elements clause. *See id.* The Sixth Circuit instructs that whenever a conviction relies on § 924(c)'s residual clause (wherever its predicate "crime of violence" cannot satisfy the elements clause), the remedy is to "set aside" that conviction. *United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019); *see also Banks v. United States*, No. 2:09-cr-20491, 2019 WL 3225723, at *2 (W.D. Tenn. July 17, 2019) (holding that if a conviction is supported by the elements clause, the constitutionality of the residual clause is immaterial). Thus, Burleson's petition's merit turns on whether the predicate "crime of violence" charged in Count III satisfies the elements clause rather than just the now-voided residual clause. *See id.*

---

[2] For example, those convicted under § 924(c) face a mandatory minimum sentence of at least five years in prison. *Davis*, 139 S. Ct. at 2324. That mandatory minimum sentence rises to 7 years if the defendant brandishes a firearm. *Id.*

4

### A. Burleson Pled Guilty to Both Attempted Hobbs Act Robbery and Attempted Hobbs Act Extortion

To determine whether the elements clause is satisfied, we must first look the underlying crimes. Count III of Burleson's Second Superseding Indictment charged Burleson with the underlying crimes of violence of "attempted robbery *and* extortion" under the Hobbs Act. *Burleson*, 3:15-cr-65-1 (Second Superseding Indictment) (Dkt. No. 85) at 2.[3] The government did not specify whether Burleson's plea was to an attempted robbery or to attempted extortion. *Burleson*, 3:15-cr-65-1 (Plea Agreement (Dkt. No. 100).) Burleson thus contends that, if either attempted Hobbs Act extortion or attempted Hobbs Act robbery fails to satisfy the elements clause, the conviction for Count III must be set aside. The government argues that only one basis is necessary to sustain Burleson's conviction.

In *United States v. Budd*, 496 F.3d 517, 528 (6th Cir. 2007), the defendant was charged with, among other things, depriving constitutional rights through witness tampering *and* conspiracy. *Id.* The trial court, however, changed the word "and" from the indictment to "or" in the jury instructions. *Id.* This means that the *Budd* trial court instructed the jury to convict if it found Budd had *either* deprived another's constitutional rights *or* conspired. *Id.* at 528—29. The Sixth Circuit affirmed the trial court's word choice and explained that that challenge to the

---

[3] In full, Count 3 charged:

> Between in or around October 2014 through on or about November 9, 2014, in the Middle District of Tennessee, DESHON BURLESON a/k/a C-SHAWN a/k/a TOOKIE, did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, attempted robbery and extortion affecting commerce in violation of Title 18, United States Code, Section 1951.
>
> All in violation of title 18, United States Code, Section 924(c)(1).

*Id.*

conviction based on an unconstitutional amendment[4] of the indictment "must fail" based on precedent. *Id.* at 529 (internal citation omitted). The precedent that *Budd* followed was *United States v. Hathaway*, 798 F.2d 902, 913 (6th Cir. 1986). *Hathaway* found no unconstitutional constructive amendment where the indictment charged receipt of checks known to be "stolen, converted, *and* taken by fraud," even where the court instructed the jury to convict it if it found the checks were known to be "stolen, converted, *or* taken by fraud." *Id.* (emphasis in original).

In sum, *Budd* and *Hathaway* indicate that the Sixth Circuit will uphold a trial court's conviction if one act in a series connected with the word "and" is proven. *Id.* A conviction for *either* attempted Hobbs Act Robbery *or* attempted Hobbs Act extortion would have been enough to trigger the sentence that Burleson received. Since Burleson pled guilty to both underlying acts of attempted Hobbs Act robbery and attempted Hobbs Act extortion, a proper application of *Budd* and *Hathaway* requires us to analyze both underlying acts: attempted Hobbs Act robbery and attempted Hobbs Act extortion. If either survive *Davis* scrutiny, then the conviction must be upheld.

Burleson counters with a cite to *Stromberg v. People of State of Cal.*, 283 U.S. 359 (1931). *Stromberg* dealt with a jury conviction under a state law making it unlawful to display a red flag for any of three purposes. *Id.* The jury was instructed that they could render a guilty verdict upon finding that the defendant acted for any of the three purposes listed in the statute. *Id.* at 368. After the state appellate courts affirmed Stromberg's conviction for displaying a red flag for an impermissible purpose, Stromberg appealed to the Supreme Court on the ground that

---

[4] Actual and constructive amendments to indictments are considered per se prejudicial and are reversible errors. *Id.* at 521. Actual and constructive amendments occur when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions that so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment. *See id.*

6

her conviction violated her constitutional rights. The Supreme Court agreed that one of the statutorily prohibited purposes was invalid as an unconstitutional infringement of her First Amendment speech rights. *Id.* at 369—70. The Supreme Court then set aside the jury's general verdict of guilty, explaining that "it is impossible to say under which clause of the statute the conviction was obtained. If any of these clauses, which the state court has held to be separable, was invalid, it cannot be determined upon this record that the [defendant] was not convicted under that clause." *Id.* at 368. In other words, *Stromberg* reasoned that it was unclear whether the appellant's conviction had been predicated upon that constitutionally protected or unprotected conduct. *See id.* A notable distinction between *Stromberg* and Burleson's case is that *Stromberg* dealt with a jury's general verdict of guilty, unlike Burleson who pled guilty to both charged underlying predicate acts. This distinction is significant because here, unlike in *Stromberg*, we can ascertain that Burleson was convicted of *both* underlying crimes of attempted Hobbs Act robbery and attempted Hobbs Act extortion. Therefore, in this case, since only one underlying act is needed to sustain the conviction and sentence, if either attempted Hobbs Act robbery or attempted Hobbs Act extortion survive *Davis* constitutional scrutiny, then Burleson's conviction and sentence stand.

Accordingly, we proceed to determine whether both of the predicate acts that led to Burleson's conviction and sentence satisfy the elements clause, as required by *Davis*.

### B. Attempted Hobbs Act Extortion

We first turn to Count III's predicate act of attempted Hobbs Act extortion to determine whether that satisfies the elements clause. The Hobbs Act defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force,

violence, or fear, or under color of official right." 18 U.S.C. § 1951.  In Burleson's Reply[5], he argued that the government conceded in other litigation that Hobbs Act extortion cannot satisfy the elements clause because it can be committed by threatening economic, not physical, harm. The United States could have corrected Burleson's concession claim in its Sur-response, but it did not. (Sur-response (Dkt. No. 14).)  Since the United States does not ask us to deny Burleson's petition and uphold his conviction as to Hobbs Act attempted extortion under the elements clause, we decline to do so *sua sponte*.

### C. Attempted Hobbs Act Robbery

Burleson contends that attempted Hobbs Act robbery cannot satisfy the elements clause. Robbery is a "crime of violence" under § 924(c)(3)(A). *See, e.g.*, *United States v. Gooch*, 850 F.3d 285, 291—92 (6th Cir.), *cert denied*, 137 S. Ct. 2230 (2017).  Although the Sixth Circuit has not specifically ruled on whether *attempted* Hobbs Act robbery falls within § 924(c)'s elements clause, at least one district court within the Sixth Circuit has held that it does: "given that § 924(c)(3)(A) expressly includes the 'attempted use, or threatened use' of physical force, attempted Hobbs Act robbery qualifies as well." *Jones v. Warden, FMC Lexington*, No. 5:18-cv-465-CHB, 2019 WL 3046101, at *3 (E.D. Ky. July 11, 2019) (quoting 18 U.S.C. § 924(c)(3)(A)).  Moreover, when a substantive offense would be a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence under the elements clause. *See United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020); *see also United States v. St. Hubert*, 909 F.3d 335, 351—53 (11th Cir. 2018) ("Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s [elements] clause because that clause expressly includes 'attempted use' of

---

[5] We appointed counsel to assist Burleson after he filed his pro se petition.

8

force."); *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense is also a violent felony.") This is so because the intent element of the "attempt" offense includes the intent of the crime itself. *See Hill*, 877 F.3d at 719 ("When the intent element of the attempt offense includes intent to commit violence against the person of another, . . . the attempt crime itself includes violence as an element.")

Here, Burleson pled guilty to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts II and IV). The facts demonstrate that Burleson intended to commit Hobbs Act robbery. The conduct encompassed in Count II, for example, includes Burleson threatening to harm others unless they gave him crack cocaine. (PSR ¶ 5.) Then, as described in Count IV of the Second Superseding Indictment to which Burleson pled guilty, he left and returned, entered the residence while those inside were asleep at night, and threatened to kill them if they did not give him drugs or $300. (*Id.* ¶ 10.) Burleson admitted to these actions in his plea agreement and does not contest the validity of Counts II and IV's attempted Hobbs Act robbery convictions. This conduct plainly falls within the scope of the elements clause.

\*   \*   \*

There is no basis to vacate Burleson's 18 U.S.C. § 924(c) conviction in Count III. His attempted Hobbs Act robbery conviction is a crime of violence under the elements clause, § 924(c)(3)(A), because it has as an element of use, attempted use, or threatened use of physical force against the person or property of another and is not credibly disputed.

### 2. The Post-Conviction Waiver

Burleson's plea agreement contained a post-conviction provision that the government contends waived his right to challenge his sentence by way of 28 U.S.C. § 2255:

> Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the guideline range as determined by the Court. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241.

*United States v Burleson*, 3:15-cr-65-1 (Plea Agreement (Dkt. No. 100) ¶ 28.)[6]

"It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). This principle includes a defendant's ability to waive the right to collaterally attack a conviction and sentence under 28 U.S.C. § 2255. *See, e.g.*, *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable."). The Federal Rules of Criminal Procedure also recognize that a criminal defendant may waive such rights. *See* Fed. R. Crim. P. 11(b)(1)(N) (directing courts to inform the defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."). Courts enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence if resentenced under the new law, even if the legal change affects constitutional rights. *See, e.g.*, *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017). The

---

[6] The government also waived its right to appeal the sentence. *Id.*

Sixth Circuit explained that this is so because a plea agreement allocates risks, risks that include a future change in the law. *See e.g.*, *Morrison*, 852 F.3d at 490.

Burleson contends that the waiver's terms do not apply. His argument is centered on the waiver's wording. The applicable clause waives Burleson's "right to challenge the *sentence* imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255." *United States v Burleson*, 3:15-cr-65-1 (Plea Agreement (Dkt. No. 100) ¶ 28 (emphasis added). Burleson says that he is attacking his *conviction* and not his *sentence*, as was distinguished in *In re Brooks*, No. 3:10-cr-163, 2020 U.S. App. LEXIS 6371, *3 (6th Cir. Feb. 28, 2020).

The defendant in *Brooks* entered a plea agreement with a waiver clause like Burleson's. *See id.* Brooks' waiver stated that he waived an appeal of "any issue bearing on the determination of whether he is guilty" and of "any sentence" as well as any "collateral attack" of any "sentence." *Id.* When Brooks sought authorization from the Sixth Circuit to file a second or successive § 2255 motion to raise a *Davis* claim, the government argued, as it does again now, that Brooks' waiver barred any § 2255 motion. *Id.* The Sixth Circuit agreed with Brooks and rejected the government's argument that the scope of the waiver clause included challenges to the conviction by using the word *sentence* instead of *conviction* or a combination of the two. *Id.* *3. The Sixth Circuit reasoned that the "waiver provides that Brooks waives only 'the right to challenge [his] sentence'; it does not provide that he also waives the right to challenge his *convictions*—including his § 924(c) conviction that he seeks to challenge here" under *Davis*." *Id.* (citing *United States v. Spear*, 753 F.3d 964, 960 (9th Cir. 2014) and quoting Brooks' plea agreement) (emphasis in original).

11

We apply the Sixth Circuit's *Brooks* holding to the instant waiver clause, as have other Middle District of Tennessee courts. *See, e.g.*, *Serrano v. United States*, No. 3:19-CV-00719, 2020 WL 5653478, at *12 (M.D. Tenn. Sept. 23, 2020); *Bright v. United States*, No. 3:19-CV-00790, 2020 WL 5106758, at *5 (M.D. Tenn. Aug. 31, 2020). Accordingly, the waiver clause does not waive Burleson's right to attack his *conviction*. It only waives his right to attack his *sentence*.

### 3. Procedural Default

The government contends that Burleson procedurally defaulted on his claim and that his default cannot be excused. Generally, claims that a petitioner failed to raise at trial or on direct review are procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The doctrine of procedural default is an affirmative defense that the United States may raise. *See Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011). When the United States raises a procedural default defense, the petitioner must show either cause and prejudice or actual innocence to excuse the default and proceed with his claim. *See id.*

Burleson does not argue cause and prejudice, but rather, that he is actually innocent. A petitioner may demonstrate "actual innocence" by showing factual innocence. *Vanwinkle*, 453 F.3d at 369. A petitioner's factual innocence must be shown "in light of all the evidence, including the undisputed circumstances described in the presentence report" and plea agreement, that "it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citations and quotations omitted). One way to establish factual innocence is to show an intervening change in law that establishes the petitioner's actual innocence. *See Phillips v. United States*, 734 F.3d 573, 582 (6th Cir. 2013). When a petitioner alleges that he is actually innocent of a charge that he pled guilty to, he must

12

also establish that he is actually innocent of all other charges that the government dismissed during the plea-bargaining process. *See Bousley*, 523 U.S. at 624; *see also Luster v. United States*, 168 F.3d 913, 915 (6th Cir. 1999).

Burleson does not show that he is actually innocent as to Count III (that he pled guilty to) and Count V (dismissed as part of the plea bargain). Burleson admitted to the conduct charged in Count III in the plea agreement, and did not dispute the facts as stated in the presentence report. As we discussed above, at least one predicate offense underlying Count III satisfies § 924(c)(3)(A). Those facts are essentially that he threatened to shoot multiple people unless they had given him crack cocaine. Burleson cannot show actual innocence because he agreed to all the facts that led to his guilty plea and conviction to the satisfaction of the elements clause, as discussed above, at the very least. Since Burleson cannot show cause and prejudice, nor actual innocence, there is no basis for us to excuse Burleson's procedural default.

## CONCLUSION

The motion and the record here "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, Burleson's § 2255 petition is denied and this case is dismissed.[7] It is so ordered.

_____
Marvin E. Aspen
Dated: November 27, 2020                    United States District Judge

---

[7] Rule 11(a) of the Rules Governing Section 2255 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We find that the movant has not satisfied this standard and will therefore deny a certificate of appealability as to Burleson's § 2255 petition.